# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**CHARLES STROUD, SR., Individually**               **PLAINTIFF**
**and as wrongful death representative**
**of Charles Stroud, Jr.**

**v.**                         **CAUSE NO. 1:18CV110-LG-JCG**

**WALMART, INC., d/b/a WALMART**
**STORES, INC..**                     **DEFENDANTS**

## ORDER GRANTING IN PART MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION

BEFORE THE COURT is the [69] Motion to Strike Plaintiff's Expert Designations filed by Defendant Walmart, Inc.[1] Plaintiff did not file a response. For the reasons below, the Court grants in part and denies in part the Motion to Strike Plaintiff's Expert Designations.

## I. DISCUSSION

In this products liability case, Plaintiff alleges that his fifteen-year-old son died after intentionally inhaling a keyboard cleaning product called Ultra Duster, which another adult in the family purchased from Wal-Mart.  Plaintiff alleges that Wal-Mart "is the manufacturer/designer/seller" of Ultra Duster.  (Am. Compl. 1, 10, ECF No. 44.)  He alleges that Wal-Mart knows that young people "huff" the product,

---

[1] Defendant Walmart, Inc., says that the proper party to this suit is Wal-Mart Stores East, LP.  Plaintiff does not address this in his response, so, without determining the proper party, the Court will refer to both Walmart, Inc., and Wal-Mart Stores East, LP, collectively as "Wal-Mart."

but has attempted to reduce this misuse only by the inadequate measure of adding a bitterant.

> The defendants have chosen profit over safety and chosen keyboard cleaning over young human life.  In so doing the defendants have manufactured and sold a product that is defective in design, is inherently dangerous and have violated their obligation to adequately warn of the dangers of the Ultra Duster product, have failed to take measures to keep it out of the hands of children, and have taken safety steps that are designed to provide a defense to liability claims rather than recognize the reality that the product is not worth the harm that it causes, can never be made safe, and is a sham of a product that exists without adequate or legitimate reason save for the profit it brings to the defendants.

(Am. Compl. 4, ECF No. 44.)  Plaintiff's claims against Wal-Mart are for defective design and failure to warn under the Mississippi Products Liability Act, and negligence in designing, testing, manufacturing, marketing, and selling the Ultra Duster product.

### The Motion to Strike Plaintiff's Expert Designations

Wal-Mart has renewed its objections to Plaintiff's expert designations.  The Magistrate Judge earlier denied Wal-Mart's motion to strike expert designations without prejudice, in part because Wal-Mart had not attached the designation itself.  (Order, ECF No. 59.)  The Magistrate Judge noted the history leading up to Wal-Mart's motion.

> Plaintiff's original expert designation deadline was August 27, 2018 (ECF No. 23).  On that date, he filed an Unopposed Motion for Extension of Time to Designate Experts (ECF No. 33).  The Court granted the Motion, extending his deadline to September 10, 2018.  On September 10, he filed a second Motion for Extension of Time to Designate Experts (ECF No. 34), seeking to extend his deadline to September 18, 2018.  Because this second Motion failed to inform the Court whether it was opposed, as required by Local Uniform Civil Rule

> 7(b)(10), the Court denied the Motion without prejudice. Plaintiff did
> not file another motion, but he did not serve his designation of experts
> until September 21, 2018 (ECF No. 35). Thereafter, on October 8,
> 2018, Defendant Walmart filed its Motion to Strike Plaintiff's Expert
> Designations, asserting that the designation was late and did not
> comply with the Federal Rules of Civil Procedure or the Local Uniform
> Civil Rules.

(*Id.* at 1-2.) The Magistrate Judge 1) declined to strike the designation on

untimeliness grounds and 2) denied without prejudice the request to strike for

failure to comply with the Rules -- because Wal-Mart had not attached the

designation, the Magistrate Judge could not determine its sufficiency. (*Id.* at 2.)

Wal-Mart has now provided Plaintiff's designation of experts with its

renewed motion to strike, which it filed on January 17, 2019. Plaintiff did not file a

response, and the time for doing so has long expired. *See* L. U. Civ. R. 7(b)(4).

Although the motion may be granted as unopposed, the Court nevertheless

considers it on the merits.

Local Rule 26 mandates that "[a] party must make full and complete

disclosure [regarding expert witnesses] as required by Fed. R. Civ. P. 26(a)(2) and

L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management

order." L.U. Civ. R. 26(a)(2). Under Federal Rule 26, the disclosure of experts must

be accompanied by a written report containing a complete statement of the

witness's opinions and the basis for them, the facts or data considered, any exhibits

that will be used, the witness's qualifications, and other information. Fed. R. Civ.

P. 26(a)(2)(A)-(B). Local Rule 26 further states that "[a]n attempt to designate an

expert without providing full disclosure information as required by this rule will not

be considered a timely expert designation and may be stricken . . . ." L.U. Civ. R. 26(a)(2).

Plaintiff has designated two experts, one of whom is Jim Faulk, Hancock County Coroner, "expected to testify as to medical causation" and the other is Jesse Hines, a scientist "expected to testify to the toxicology of the substance ingested" and related matters. (Def. Renewed Mot. to Strike Ex. A, ECF No. 70-1.) There is no further information provided.

Assuming the Coroner should be considered similarly to a treating physician, Plaintiff's failure to provide a written report does not preclude the Coroner's testimony, but his testimony "must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, [and] the causation of a plaintiff's injuries . . . as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 2903253, at *1 (S.D. Miss. July 6, 2017) (citation omitted). Thus, the failure to provide a written report does not prevent Plaintiff from calling the Coroner to testify at trial.

The other designated expert, Jesse Hines, is a research and development scientist from the Raleigh-Durham area. His designation reads in full that he

> is expected to testify to the toxicology of the substance ingested by Charles Stroud, Jr. which caused his death, the unreasonableness of such a substance being commercially available to the teenage public, and the classification of the product as a dangerous poison with fraudulent representations of disincentive use controls.

(Def. Renewed Mot. to Strike Ex. A, at 1, ECF No. 70-1.)

It appears that Hines has been specially employed to provide this testimony and is not otherwise involved in the case. As noted earlier, his designation is unaccompanied by a written report containing a complete statement of his opinions and the basis for them, the facts or data considered, any exhibits that will be used, his qualifications, or any other information, as required by Fed. R. Civ. P. 26(a). "[T]he presumptive sanction for failing to . . . supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." *Honey-Love v. United States*, 664 F. App'x 358, 362 (5th Cir. 2016) (citing Fed. R. Civ. P. 37(c)).

Plaintiff has not filed a response to Wal-Mart's Motion, and therefore has offered no explanation for failing to supply the required information from Hines. In his November 2018 response to Wal-Mart's first motion to strike, Plaintiff stated that Hines "was affected not only by Hurricane Florence, but then again, by Hurricane Michael. Understandably but unfortunately, this has made obtaining his cooperation in this case difficult." (Pl. Resp. to Mot. to Strike 1, ECF No. 54.) The Court will not assume Hines was still unavailable for this reason at the time Wal-Mart filed its Renewed Motion to Strike, more than two months later. In any event, Plaintiff has been on notice of this deficiency since at least November 2018, when the Magistrate Judge considered Wal-Mart's allegation that Hines' designation did not comply with the Rules. Plaintiff has done nothing to remedy the deficiency or to explain why it cannot be remedied. The Court finds Plaintiff's failure was not substantially justified, nor is it harmless. Plaintiff's short description of Hines'

expected testimony does not allow Wal-Mart the opportunity to explore, during discovery, the nondisclosed opinions, facts and data he would offer. Wal-Mart is also deprived of the opportunity to timely file rebuttal opinions, facts and data.

When deciding which sanction to employ when there has been an improper expert designation, the Court weighs the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by granting a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (citation omitted). Here, Wal-Mart has moved to strike the expert designation -- the sanction described in Fed. R. Civ. P. 37(b)(2)(A)(iii). The Court agrees that this is the appropriate sanction.

With respect to the importance of Plaintiff's expert witness Hines, the Court is aware that Hines' testimony is key to Plaintiff's case, since expert testimony is required in product liabilities claims brought under the MLPA. *Taggert v. FCA US LLC*, No. 1:16CV179-GHD-DAS, 2018 WL 493479, at *3-4 (N.D. Miss. Jan. 19, 2018) (citations omitted). However, Plaintiff has not attempted to properly designate an expert, seek an extension of time to do so, or make an argument against striking his expert witness. The prejudice to Wal-Mart that would result from allowing Hines to testify to opinions, facts, and data that still have not been

disclosed was addressed above.  For these reasons, Wal-Mart's Motion to Strike Plaintiff's designation of Hines as an expert witness will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [69] Motion to Strike Plaintiff's Expert Designations filed by Wal-Mart is **GRANTED** as to Jesse Hines and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE