IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES STROUD, SR., Individually**                                         **PLAINTIFF**
**and as wrongful death representative**
**of Charles Stroud, Jr.**

v.                                                                       **CAUSE NO. 1:18CV110-LG-JCG**

**WALMART, INC., d/b/a WALMART**
**STORES, INC..**                                                                                    **DEFENDANTS**

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is the [67] Motion for Summary Judgment filed by Defendant Walmart, Inc. in this products liability case.[1] The Motion has been fully briefed, and after due consideration, the Court finds that there is no question of material fact for the jury. Summary judgment will be granted and this case dismissed.

I. BACKGROUND

Plaintiff alleges that his fifteen-year-old son died after intentionally inhaling a keyboard cleaning product called Ultra Duster, which another adult in the family purchased from Wal-Mart. Plaintiff alleges that Wal-Mart "is the manufacturer/designer/seller" of Ultra Duster. (Am. Compl. 1, 10, ECF No. 44.) He alleges that Wal-Mart knows that young people "huff" the product, but has

---

[1] Defendant Walmart, Inc., says that the proper party to this suit is Wal-Mart Stores East, LP. Plaintiff does not address this in his response, so, without determining the proper party, the Court will refer to both Walmart, Inc., and Wal-Mart Stores East, LP, collectively as "Wal-Mart."

attempted to reduce this misuse only by the inadequate measure of adding a bitterant.

> The defendants have chosen profit over safety and chosen keyboard cleaning over young human life. In so doing the defendants have manufactured and sold a product that is defective in design, is inherently dangerous and have violated their obligation to adequately warn of the dangers of the Ultra Duster product, have failed to take measures to keep it out of the hands of children, and have taken safety steps that are designed to provide a defense to liability claims rather than recognize the reality that the product is not worth the harm that it causes, can never be made safe, and is a sham of a product that exists without adequate or legitimate reason save for the profit it brings to the defendants.

(Am. Compl. 4, ECF No. 44.) Plaintiff's claims against Wal-Mart are for defective design and failure to warn under the Mississippi Products Liability Act, and negligence in designing, testing, manufacturing, marketing, and selling the Ultra Duster product.[2]

Wal-Mart moves for summary judgment, claiming that 1) as an innocent seller under the Mississippi Products Liability Act it is immune from liability;[3] 2) Plaintiff cannot show that the proximate cause of the decedent's death was any action by Wal-Mart; and 3) by failing to deny Wal-Mart's requests for admissions, Plaintiff has admitted that Wal-Mart is not liable for the decedent's death. Plaintiff

---

2  As Plaintiff's negligence claims are based on the damages purportedly caused by the alleged defects in the Ultra Duster product, those claims must be analyzed under the Mississippi Products Liability Act. *See Elliot v. El Paso Corp.*, 181 So. 3d 263, 269 (Miss. 2015).
3  Wal-Mart refers to the Mississippi Products Liability Act's "innocent seller" provision, Miss. Code Ann. § 11-1-63(h). This is an affirmative defense on which Wal-Mart bears the burden of proof, but there is no evidence of record indicating that Wal-Mart is not an innocent seller.

responded to Wal-Mart's Motion, but he addressed only the matter of his admissions, arguing that he should be allowed to set them aside as requested in his [64] Motion to Withdraw or Amend Admissions and Request for Oral Argument. In an April 11, 2019 [75] Order, the Magistrate Judge denied Plaintiff's motion to withdraw or amend his admissions. As a result, the Court is left with no substantive opposition to Wal-Mart's summary judgment motion.

## II. DISCUSSION

### A. The Legal Standard

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. Factual controversies are resolved in favor of the non-moving party, but only when there is

an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

**B. Plaintiff's Admissions**

A full account of the events leading to denial of Plaintiff's motion to have his admissions set aside is set out in the Magistrate Judge's [75] Order. In short, Plaintiff failed to comply with his Rule 36 obligations on multiple occasions, and did not show diligence in seeking or good cause for obtaining relief from his admissions. Plaintiff's admissions are therefore conclusively established. Fed. R. Civ. P. 36(b). Wal-Mart relied on Plaintiff's admissions as a basis for its summary judgment motion.

As noted above, a court can grant summary judgment when the record, including "admissions" establish that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R, Civ. P. 56. In the Fifth Circuit, admissions can establish "a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted). "[I]f the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding

party." *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) (quoting *Dukes v. S. C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

In this case, Wal-Mart shows that Plaintiff admitted the following:

• Decedent misused keyboard cleaner on March 21, 2015, which caused his death;

• Wal-Mart never exercised substantial control over the design, testing or manufacture of Ultra Duster;

• Wal-Mart never exercised substantial control over the labeling or packaging of Ultra Duster;

• Wal-Mart never altered or modified Ultra Duster;

• Wal-Mart did not sell the Ultra Duster used by the decedent; and

• Wal-Mart is not liable to Plaintiff for the decedent's death.

(Def. Mot. Ex. F, ECF No. 68-6.)

Based on Plaintiff's failure to respond, the Court finds these matters both admitted and conclusively established. *See* Fed. R. Civ. P. 36(a)(3), (b). Because these admissions encompass the totality of Plaintiff's claims, the Court finds that summary judgment in Wal-Mart's favor is warranted on this basis.

**C. Proximate Cause**

Wal-Mart also argues that any causal connection between its actions and the decedent's death was broken because it sold the Ultra Duster legally to another person, who gave it to the decedent, who then misused it. Plaintiff did not respond to this argument, but he does not allege that the decedent used the Ultra Duster for its designed purpose. Mississippi courts hold that when misuse of a product is the

proximate cause of the harm suffered, that is a complete defense to liability in a products liability case. *Mine Safety Appliance Co. v. Holmes*, 171 So. 3d 442, 457 (Miss. 2015). Wal-Mart could not have known that the Ultra Duster it sold to an adult would be given to a child and then misused.

Even if the Ultra Duster had been sold directly to the decedent, it is doubtful that Mississippi law would support the causal connection necessary to establish a products liability or negligence claim. "[A] minor's . . . act beyond mere negligence – breaks the causal connection *unless* the [seller] had reason to know that the minor had a propensity to commit such an act. More than a negligent sale is required." *Williams ex rel. Raymond v. Wal-Mart Stores E., L.P.*, 99 So. 3d 112, 119 (Miss. 2012). In this case, there is not even a negligent sale at issue. Wal-Mart sold a legal product to an adult, and could not have prevented the subsequent events. "Ordinarily [ ] in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another." *Permenter v. Milner Chevrolet Co.*, 91 So. 2d 243, 248 (Miss. 1956). Summary judgment is therefore appropriate for the additional reason of the lack of evidence of a causal connection between Wal-Mart's acts and the harm suffered by Plaintiff.

**D. Lack of Expert Witness Testimony**

Finally, even if there were evidence of a causal connection, the Court struck Plaintiff's only expert expected to testify about the Ultra Duster product, Jesse Hines. (Order Granting in Part and Denying in Part Motion to Strike 7, ECF No.

76.) Without expert testimony, Plaintiff cannot establish his product liability claims. "Federal courts in this state have repeatedly held that expert testimony is required in product liabilities claims brought under the MLPA." *Taggert v. FCA US LLC*, No. 1:16CV179-GHD-DAS, 2018 WL 493479, at *3-4 (N.D. Miss. Jan. 19, 2018) (citations omitted). Because Plaintiff will be unable to provide the necessary expert testimony, he has "failed to offer proof on a matter which he bears the burden of proof at trial." *Hammond v. Coleman Co.*, 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999) (citation omitted).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [67] Motion for Summary Judgment filed by Defendant Walmart, Inc. is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 16th day of May, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE